**UNITED STATES of America,**

v.

**Raymond PEARSON, Defendant.**

**No. 83 Cr. 370–CSH.**

United States District Court,
S.D. New York.

July 9, 1984.

Domenick J. Porco, New York City, for defendant.

Ruth Glushien-Wedgwood, Asst. U.S. Atty., New York City, for U.S.

## MEMORANDUM OPINION AND ORDER

HAIGHT, District Judge:

Defendant Raymond Pearson has filed a timely motion for reduction of sentence pursuant to Rule 35, F.R.Crim.P. I have also considered counsel's supplemental application by letter dated July 6, 1984, for a stay of defendant's presently scheduled surrender date.

The motion is in all respects denied. Counsel for defendant has submitted some additional documents in respect of Malor Construction Company. Counsel makes reference to certain statements by the Court during sentencing, within the context of a possible probationary sentence. At Tr. 24, I said this:

"... I am bound to say that I would be strongly inclined towards a term of probation for Mr. Raymond Pearson if it was clear to me that he was nothing but a relatively low-level employee of Malor, bound almost, as a practical matter, by virtue of that position low down on the economic hierarchy, to implement instructions given to him by his co-defendant Mr. Swami.

"I would not reach such a conclusion with any degree of confidence in this case, having in mind the relationships of the brothers, the Quid connection, the inherent probabilities of things."

Nothing in the present motion changes that perception. The "Quid connection" alone, as further explicated in the Government's letter of July 5, 1984 opposing the motion (¶ 2), is sufficient to deprive defendant Pearson of that hypothetical profile to which I referred during sentencing.

No sufficient reason appears for delaying the date of surrender.

The motion is denied in its entirety.

It is SO ORDERED.